# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD PATRICK MCCRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-76-JAR |
| | ) |
| ST. LOUIS CITY JUSTICE CENTER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Reginald Patrick McCray, an inmate at the St. Louis City Justice Center, for leave to proceed in forma pauperis in this civil action. Upon consideration of the financial information provided in plaintiff's affidavit, the Court finds that plaintiff is financially unable to pay the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the St. Louis City Justice Center, where he is presently incarcerated. Plaintiff alleges that on April 6, 2017, he slipped and fell while descending the ladder of his bunk bed, injuring his knee. He was sent to the St. Louis University Hospital emergency room, where he was told his knee would require surgery. He has been awaiting surgery for more than six months, and is using a walker. Plaintiff seeks to have the St. Louis City Justice Center install grips on the steps of the bunk bed ladder, pay for the required knee surgery, and pay him one million dollars in damages.

Plaintiff previously filed a complaint in this Court against this same defendant alleging these same claims based upon these same facts. *See McCray v. St. Louis City Justice Center*, Case No. 4:17-cv-2559-JMB (E.D. Mo. Oct. 6, 2017) (hereafter "*McCray I*"). On October 17, 2017, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) after determining that it was legally frivolous and failed to state a claim upon which relief could be granted.[1]

**Discussion**

The instant complaint alleges the same claims against the same defendant based upon the same facts as a prior complaint filed by plaintiff and dismissed by this Court pursuant to 28 U.S.C. § 1915(e). While the § 1915(e) dismissal of the prior complaint "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed

---

[1] Plaintiff has filed another lawsuit arising from the April 6, 2017 incident, seeking damages against Corizon Health Care for medical expenses. *See McCray v. Corizon Health Care*, Case No. 4:17-cv-2558-DDN (E.D. Mo. Oct. 6, 2017). As of the date of this Memorandum and Order, that case remains pending.

complaint, it does have res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (*per curiam*) (quoting *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Accordingly, the Court determines that the § 1915(e) dismissal of *McCray I* has res judicata effect and establishes that this complaint, alleging the same claims based upon the same facts against the same defendant, is frivolous for § 1915(e) purposes.

The complaint is also subject to dismissal because, as the Court determined in *McCray I*, this defendant is not an entity that is subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983); *see also Ballard v. Missouri*, Case No. 4:13-CV-528-JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"); *Wallace v. St. Louis City Justice Center.*, Case No. 4:12-CV-2291-JAR (E.D. Mo. Jul. 17, 2013) (dismissing claims against the St. Louis City Justice Center because it is not a suable entity). In addition, even if the Court were to liberally construe plaintiff's allegations as brought against the City of St. Louis and substitute the municipality as defendant, plaintiff's allegations would not state a claim of municipal liability because plaintiff has not alleged any unlawful actions were taken pursuant to a policy or custom of the City of St. Louis. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978), *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). The Court concludes that the complaint is subject to dismissal on these bases, as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process upon the complaint because it is legally frivolous and/or it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate order of dismissal will be entered herewith.

Dated this 22nd day of January, 2018.

　　　　　　　　　　　　　　　　/s/ John A. Ross
　　　　　　　　　　　　　　　　**JOHN A. ROSS**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**