UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD PATRICK MCCRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18 CV 76 (JMB) |
| ) | |
| ST. LOUIS CITY JUSTICE CENTER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's letter to the Clerk of Court, which the Court will deem to be a motion for reconsideration.

Plaintiff is an inmate at the St. Louis City Justice Center. He alleges that, on April 6, 2017, as he climbed down from his bunk bed, he slipped off the ladder and injured his knee. He was sent to an emergency room, where he was told that his knee required surgery. He states that he has been awaiting surgery for more than six months and uses a walker to ambulate. He brings suit pursuant to 42 U.S.C. § 1983, seeking to have the St. Louis City Justice Center install grips on the ladder steps of the bunk bed and $1 million in damages for his medical bills and future lost income.

This is plaintiff's third § 1983 action arising from this accident. On October 6, 2017, he filed two separate actions naming the St. Louis City Justice Center, McCray v. St. Louis City Justice Center, No. 4:17-cv2559-JMB, and Corizon Health Care, McCray v. Corizon Health Care, No. 4:17-cv-2558-DDN.[1] On October 17, 2017, the Court dismissed plaintiff's action against the St. Louis City Justice Center, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court stated that plaintiff's claim was legally frivolous because the St. Louis City Justice Center is not

---

[1] Plaintiff's claim against Corizon Health Care remains pending.

a suable entity under § 1983. The Court further found that, even if plaintiff's claim was construed as brought against the City of St. Louis, he failed to state a claim of municipal liability because he did not allege that City policies or customs gave rise to a constitutional violation. See Memorandum and Order, Case No. 4:17-cv-2559-JMB [Doc. # 4].

On January 17, 2018, plaintiff filed this action, asserting the same allegations against the City of St. Louis, a suable entity. Unfortunately, when the case was entered into the Court's electronic case management system, the defendant was incorrectly named as the St. Louis City Justice Center. On January 22, 2018, the Court dismissed the case as legally frivolous, relying in part on the erroneous determination that he was again proceeding against the St. Louis City Justice Center. [Doc. # 3]. In addition, however, the Court again noted that plaintiff failed to state a claim for municipal liability against the City of St. Louis.

In the instant motion, plaintiff notes that there has been a misunderstanding and that he intended to name the State of Missouri and the City of St. Louis as defendants. He asks the Court to "withdraw" the dismissal of his case. Because plaintiff's claims against the State of Missouri and the City of St. Louis — his intended defendants — fail as a matter of law, his request to withdraw the dismissal must be denied.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, plaintiff asserts a claim for negligence or premises liability, which cannot form the basis for liability under § 1983. Baker v. McCollan, 443 U.S. 137, 144 (1979) (state tort claim not actionable under § 1983). Furthermore, the Eleventh Amendment protects the State of Missouri from a claim for damages. Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997).

Finally, with respect to plaintiff's claims against the City of St. Louis, as the Court has previously explained, plaintiff fails to allege that a violation of his constitutional rights occurred and that it occurred as the result of a City custom or policy. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989); Monell v. Dept.of Social Services of City of New York, 436 U.S. 658, 691 (1978); see also Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010) (under § 1983, plaintiff must demonstrate either that the municipality had a policy or custom that caused the constitutional violation or that the municipality or municipal employee exhibited deliberate indifference to the plaintiff constitutional rights by failing to adequately train or supervise its employees).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. # 6] is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall correct the caption in the Court's electronic case management system to reflect the proper defendant.

_____
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2018.

3